IN THE CIRCUIT COURT OF SIMPSON COUNTY, MISSISSIPPI

JAMES R. MOYSEY, JR.                                               PLAINTIFF

VS.                                                    CIVIL ACTION NO. _____

BMR TRANSPORT, L.L.C. AND
RICHARD B. COOK                                               DEFENDANT

*FILED APR 01 2021 SIMPSON COUNTY CIRCUIT COURT*

## COMPLAINT

### Jury Trial Requested

COMES NOW the Plaintiff, James R. Moysey, Jr., by and through his attorney of record, and files this Complaint against the Defendants, and in support thereof would show unto this Honorable Court the following facts and matters, to-wit:

### PARTIES

1. Plaintiff, James R. Moysey, Jr. (hereinafter "Moysey") is an adult resident citizen of Greene County, State of Missouri.

2. That at all times relevant herein, Defendant BMR Transport, L.L.C. (hereinafter "BMR"), is a commercial motor carrier operating in interstate commerce, is a foreign corporation in good standing in the State of North Carolina, organized under the laws of the State of North Carolina and with its principal place of business located at 1587 Forest Ridge Lane in Stanley, Gaston County, North Carolina. Defendant BMR may be served with process on its BOC3 Agent, Process Agent Service Company, Inc., Beverly Warren, 309 5th Avenue SW, Magee, Mississippi, 39111, or by any other means permitted by the *Mississippi Rules of Civil Procedure*.

**EXHIBIT A**

3. That at all times relevant herein, Defendant, Richard B. Cook (hereinafter "Cook"), a commercial motor vehicle operator, is an adult resident citizen residing at 994

Buffalo Shoals Road in Statesville, Iredell County, North Carolina, 28677. Defendant Cook may be served with process by any means permitted by the *Mississippi Rules of Civil Procedure*.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this cause pursuant to *Miss. Code Ann.* § 9-7-81 (1972) (as amended) and related authority. The Court has personal jurisdiction over all parties.

5. Venue is proper pursuant to *Miss. Code Ann.* § 11-11-3 (1972) (as amended), as the substantial acts and/or omissions and events that caused Plaintiff's injuries occurred in Simpson County, Mississippi.

## AGENCY

6. That at all times relevant herein, Defendant Cook was the agent, servant, statutory employee, or employee of Defendant BMR and acting within the course and scope of his employment or agency.

7. That at all times relevant herein, Defendant BMR was a motor carrier as the term is defined by the Federal Motor Carrier Safety Regulations (FMCSR) set forth in Title 49 of the Code of Federal Regulations.

## FACTS

8. On April 3, 2018, at approximately 10:24 a.m., Plaintiff, Moysey, was the driver of a 2016 Freightliner traveling in a general southernly direction on US Highway 49 near Pine Street in Simpson County, Mississippi.

9. That at the same time and place, Defendant Cook was operating a 2005 International tractor-trailer on behalf of Defendant BMR and traveling in a general

southernly direction on US Highway 49 near Pine Street in Simpson County, Mississippi when he crashed in the back of Plaintiff Moysey's tractor trailer at highway speeds, injuring Plaintiff.

10. BMR Transport, LLC has a history of violations for unsafe driving. Indeed, the U.S. Department of Transportation, FMCSA, sent a warning letter to BMR on February 12th, 2016 regarding its "significant non-compliance" in the area of Hours of Service. The letter requested that BMR take corrective action.

11. At the time of the subject collision, BMR had a an out of service rating of 53.8% for its vehicles (with the national average being 20.7%) and more than triple the national average out of service rating for its drivers at 16.7% (with the national average being 5.5%).

12. As of this date, BMR has made no improvements in regard to driver compliance and out of service rates. Rather, the drive out of service rate for BMR has nearly doubled—now 30% compared to the current national average of 5.1%.

13. BMR negligently hired and retained an unsafe driver, Defendant Cook. Mr. Cook's record is riddled with multiple offenses. Just 3 months prior to this collision, Mr. Cook was charged with operating a vehicle with no license, for which he was convicted on March 21, 2018, 13 days before this collision.

14. Upon information and belief, Defendant Cook's prior criminal and misdemeanor convictions also include:

    8/2014 – Abbeville, SC – traffic/speeding
    5/2011 – Mecklenburg, NC – traffic/speeding
    6/2010 – Berks, PA – disobey traffic-control device
    4/2009 – Iredell, NC – expired registration card/tag
    11/2008 – Sumter, FL – trespass after warning
    9/2006 – Iredell, NC – expired registration card/tag

1/2006 – Iredell, NC – assault on a female
12/2001 – Marion, FL – resist or obstruct officer
8/2000 – Guilford, NC – expired registration card/tag
6/1998 – Henderson, NC – no annual federal inspection; Motor Carrier Log Book Violation
12/1997 – Iredell, NC – driving while license was revoked
11/1997 – Gaston, NC – expired registration card/tag
8/1995 – Iredell, NC – assault by pointing a gun
3/1993 – Iredell, NC – no driver's license, commercial vehicle
9/1992 – Wilkes, NC – expired registration card/tag
7/1988 – Iredell, NC – driving while impaired
8//1987 – Iredell, NC – speeding

15. BMR's failures with regard to hiring, training, retaining, and supervising Cook also caused or contributed to Plaintiff's injuries and damages.

## COUNT I. NEGLIGENCE AGAINST DEFENDANT COOK

16. Plaintiff incorporates by reference each and every paragraph and allegation as set forth above.

17. At all times relevant hereto, Defendant Cook had a duty to operate his commercial vehicle with the highest degree of care required by law, breached that duty, and was negligent and/or negligent *per se*.

18. That at all times relevant herein, Defendant Cook was negligent or negligent *per se* in one or more of the following ways:

    a. In violating *Miss. Code Ann.* § 63-3-1213 in operating the tractor-trailer in a careless or imprudent manner and such conduct constitutes negligence *per se*;

    b. In violating *Miss. Code Ann.* § 63-3-1201 in operating the tractor-trailer with a willful and wanton disregard for the safety of persons or property and such conduct constitutes negligence *per se*;

    c. In violation of *Miss. Code Ann.* § 63-3-619 in following another

vehicle more closely than is reasonable or prudent and such conduct constitutes negligence *per se*;

d. In violating the Federal Motor Carrier Safety Regulations *inter alia* and corresponding state regulations as they, nonexclusively, relate to condition of driver, qualification, training and experience and such conduct makes Defendants negligent *per se*;

e. In operating a commercial motor vehicle when he was not qualified to do so under the Federal Motor Carrier Safety Regulations;

f. In operating a commercial motor vehicle when he was disqualified from doing so;

g. In operating a motor vehicle when he was out of service;

h. In failing to keep a proper lookout;

i. In failing to yield the right of way to Plaintiff;

j. In failing to maintain reasonable and proper control of said vehicle;

k. In failing to take appropriate action to avoid the collision;

l. In failing to timely apply the brakes and/or stop said vehicle;

m. In failing to give adequate warning of a collision;

n. In violating Federal Motor Carrier Safety Regulation 392.2 and such violation makes defendants negligent *per se*; and,

o. any other reason revealed in discovery and proven at trial of this matter.

19. That the negligent and/or negligent *per se* acts and/or omissions of Defendant Cook proximately caused Plaintiff Moysey to suffer past, present, and future

physical pain and suffering; past, present, and future medical expenses, past, present, and future mental anguish; past, present, and future lost wages, loss of wage earning capacity, loss of enjoyment of life, and related expenses and all other damages as may be awarded following a trial of this matter.

20. Based on the foregoing, Plaintiff Moysey requests an award of damages for the following from Defendant Cook:

    a. Past and future pain and suffering;

    b. Past and future medical expenses;

    c. Past and future emotional distress and mental anguish;

    d. Past and future lost wages and/or loss of wage earning capacity;

    e. Permanent disability and impairment;

    f. Loss of value, enjoyment, and quality of life;

    g. Attorney Fees;

    h. Post-judgment interest;

    i. All court costs; and,

    j. All other damages allowed under Mississippi law.

### COUNT II: VICARIOUS LIABILITY AGAINST B.M.R. TRANSPORT, L.L.C.

21. Plaintiff incorporates by reference each and every paragraph and allegation as set forth above.

22. At all times relevant hereto, Defendant Cook was operating a commercial motor vehicle in interstate commerce and in the course and scope of his employment, statutory employment, agency, or servitude of Defendant BMR Transport, L.L.C.

23. That B.M.R. Transport, L.L.C. is vicariously liable for the negligent or negligent *per se* acts of Defendant Cook, its employee, agent, and/or servant.

24. As a result of the Defendant Cook's negligent and/or negligent *per se* acts and/or omissions and/or breaches of the duty of care, the Defendants proximately caused Plaintiff Moysey to suffer past, present, and future physical pain and suffering; past, present, and future medical expenses, past, present, and future mental anguish; past, present, and future lost wages, loss of wage earning capacity, loss of enjoyment of life, and related expenses and all other damages as may be awarded following a trial of this matter.

25. Based on the foregoing, Plaintiff Moysey requests an award of damages for the following from Defendants:

    a. Past and future pain and suffering;

    b. Past and future medical expenses;

    c. Past and future emotional distress and mental anguish;

    d. Past and future lost wages and/or loss of wage earning capacity;

    e. Permanent disability and impairment;

    f. Loss of value, enjoyment, and quality of life;

    g. Attorney Fees;

    h. Post-judgment interest;

    i. All court costs; and,

    j. All other damages allowed under Mississippi law.

## COUNT III.  NEGLIGENCE AND GROSS NEGLIGENCE AGAINST BMR TRANSPORT, L.L.C.

26. Plaintiff incorporates by reference each and every paragraph and allegation as set forth above.

27. At all times relevant hereto, Defendant B.M.R. had a duty of care to hire, train, and supervise Defendant Cook, breached that duty, and was negligent and/or grossly negligent in one or more of the following ways:

    a. In failing to properly train Defendant Cook when it was apparent that he was not qualified to operate a commercial motor vehicle;

    c. In failing to supervise Defendant Cook when it was apparent that it was required;

    d. In retaining Defendant Cook after it was apparent that he was not qualified to operate a commercial motor vehicle;

    e. In hiring Defendant Cook when he was not qualified to operate a commercial motor vehicle; and

    f. any other reason revealed in discovery and proven at trial of this matter.

28. As a proximate result of the Defendant's negligent acts and/or omissions and/or grossly negligent acts or omissions, Plaintiff Moysey was injured and suffers past, present, and future physical pain and suffering; past, present, and future medical expenses, past, present, and future mental anguish; past, present, and future lost wages, loss of wage earning capacity, loss of enjoyment of life, and related expenses and all other damages as may be awarded following a trial of this matter.

29. Based on the foregoing, Plaintiff Moysey requests an award of damages for the following from Defendant BMR:

   a. Past and future pain and suffering;

   b. Past and future medical expenses;

   c. Past and future emotional distress and mental anguish;

   d. Past and future lost wages and/or loss of wage earning capacity;

   e. Permanent disability and impairment;

   f. Loss of value, enjoyment, and quality of life;

   g. Punitive Damages;

   h. Attorney Fees;

   j. Post-judgment interest;

   k. All court costs; and,

   l. All other damages allowed under Mississippi law.

### IV: PUNITIVE DAMAGES AGAINST BOTH DEFENDANTS

30. Plaintiff incorporates by reference each and every paragraph and allegation as set forth above.

31. That Defendants' acts and/or omissions detailed herein were so grossly negligent, insensitive, careless, reckless, willful, and wanton and/or intentional that their conduct gives rise to an independent tort justifying the imposition of punitive damages and Plaintiff specifically requests the award of such punitive damages from Both Defendants.

32. There exists a causal connection between the negligent and/or grossly negligent acts and/or omissions of Defendants alleged herein, and the damages

sustained by Plaintiff Moysey, such that said negligent and/or gross negligent acts and/or omissions are a proximate cause of the Plaintiff Moysey's damages.

33. Plaintiff requests a **TRIAL BY JURY** on all issues raised herein.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff, James R. Moysey, Jr., demands judgment from the Defendants Robert B. Cook and BMR Transport, L.L.C. and respectfully requests this Court to grant relief, to be determined by a jury, that will adequately and fairly compensate him for his injuries; past, present, and future economic and non-economic damages; attorney fees; pre-judgment interest; post-judgement interest; costs in pursing this lawsuit; punitive damages in an amount that will punish the Defendants and deter similar conduct in the future by Defendants and others; and any other relief to which he may be entitled under Mississippi law.

This the 1st day of April, 2021.

Respectfully submitted,

JAMES R. MOYSEY, JR., PLAINTIFF

BY: _____
GRAHAM P. CARNER

**OF COUNSEL:**

Graham P. Carner (MSBN 101523)
GRAHAM P. CARNER, PLLC
775 N. Congress Street
Jackson, Mississippi 39202
T: 601.949.9456
F: 601.354.7854
E: graham.carner@gmail.com